IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>vs.<br><br>OMAHA TRIBE OF NEBRASKA and OMAHA TRIBAL UTILITY COMMISSION,<br><br>                       Defendants. | 8:14-CV-255<br><br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the plaintiff's Unopposed Motion to Enter Proposed Consent Decree (filing 10). The Court will grant the plaintiff's motion and enter the consent decree.

      In determining whether to grant the plaintiff's motion, the Court is guided by familiar, well-established principles governing adoption of consent decrees. A consent decree is a hybrid that has attributes both of contracts and of judicial decrees. *Donaghy v. City of Omaha*, 933 F.2d 1448, 1459 (8th Cir. 1991); *see Frew v. Hawkins*, 540 U.S. 431, 437 (2004). In adopting a consent decree, the Court is not a mere recorder of a contract, from whom parties can purchase an injunction. *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986); *Hesselbein v. Clinton*, 999 F.2d 320, 324 (8th Cir. 1993); *EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172 (8th Cir. 2012); *Donaghy v. City of Omaha*, 933 F.2d 1448, 1459 (8th Cir. 1991). A consent decree is a judicial act, and the Court is free to reject agreed-upon terms as not in furtherance of statutory objectives. *Hesselbein*, 999 F.2d at 324; *see Prod. Fabricators*, 666 F.3d at 1172.

      A consent decree must spring from and serve to resolve a dispute within the Court's subject matter jurisdiction, it must come within the general scope of the case made by the pleadings, and it must further the objectives of the law upon which the complaint was based. *Frew*, 540 U.S. at 437; *Local No. 93*, 478 U.S. at 525; *Prod. Fabricators*, 666 F.3d at 1172; *Donaghy*, 933 F.2d at 1459. The Court reviews a proposed consent decree for fairness, reasonableness, and adequacy. *Prod. Fabricators*, 666 F.3d at 1172; *United States v. Hercules, Inc.*, 961 F.2d 796, 800 (8th Cir. 1992); *United States v. Metro. St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992). The Court must determine that the settlement is consistent with the statute

the consent judgment is to enforce and fairly and reasonably resolves the controversy in a manner consistent with the public interest. *Hesselbein*, 999 F.2d at 324.

The Court may consider whether the settlement was the result of good-faith, arms-length negotiations, and whether it contains stringent limitations on wrongdoing parties. *See Hercules*, 961 F.2d at 800. The Court may also consider whether the settlement's recovery from the wrongdoing parties is adequate, given their net worth and ability to pay a judgment. *See id*. It may be that the resources of the wrongdoer are better put to use in helping fix the problem that led to litigation, rather than on the litigation itself. *See id*. The primary question is whether the provisions of the consent decree help ensure that compliance ultimately will be accomplished. *See St. Louis Sewer Dist.*, 952 F.2d at 1044.

Consent decrees entered in federal court must be directed to protecting federal interests. *Frew*, 540 U.S. at 437. If a federal consent decree is not limited to reasonable and necessary implementations of federal law, it may improperly deprive future state and local officials of their designated legislative and executive powers. *Horne v. Flores*, 557 U.S. 433, 450 (2009).

It is the parties' agreement that serves as the source of the court's authority to enter a consent judgment. *Local No. 93*, 478 U.S. at 522. And it is the agreement of the parties, rather than the force of the law upon which the complaint was originally based, that creates the obligations embodied in a consent decree. *Id*. So, the Court is not necessarily barred from entering a consent decree merely because the decree provides broader relief than the Court could have awarded after a trial. *Id*. at 525. But the parties may not agree to take action that conflicts with or violates the statute upon which the complaint was based. *Id*. at 526. And the Court is not free to impose unagreed-to equitable remedies that it might have fashioned had the plaintiff established its factual claims and legal theories in litigation. *Hesselbein*, 999 F.2d at 324.

In this case, the Court has carefully reviewed the proposed consent decree (filing 2-1) and, mindful of the above-stated principles, finds that the decree should be entered. In particular, the Court notes that the settlement incorporated in the decree was negotiated at arms-length between the parties, and finds that the provisions of the settlement and decree are fair, reasonable, and adequate to implement the requirements of the underlying statutes at issue. The proposed decree was posted for public comment, and no member of the public has objected. Filing 10 at 2; *see* Notice of Lodging of Proposed Consent Decree Under the Safe Drinking Water Act, the Clean Water Act and the Resource Conservation and Recovery Act, 79 Fed. Reg. 52751-01 (Sept. 4, 2014). The provisions of the consent decree are reasonable

and necessary to protect federal interests and the public welfare. Therefore, being duly advised in the premises, the Court will grant the plaintiff's unopposed motion and enter the proposed consent decree.

IT IS ORDERED:

1. The plaintiff's Unopposed Motion to Enter Proposed Consent Decree (filing 10) is granted.

2. The consent decree, constituting a final judgment for purposes of Fed. R. Civ. P. 54 and 58, will be separately entered on this date.

3. This case is closed.

Dated this 27th day of October, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge

- 3 -